# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **CRYSTAL TRAWICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 4:16-CV-380 (CDL) |
| | ) |
| **CARMIKE CINEMAS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## CONSENT PROTECTIVE ORDER

The necessity for confidentiality of all tax, medical, and documents of a private nature of the Plaintiff, and personnel and proprietary confidential business records of the Defendant (hereinafter referred to collectively as "documents") has been acknowledged by the parties to this action. Accordingly, for good cause shown within the meaning of the Federal Rules of Civil Procedure, and it appearing that the parties consent to the entry of this Protective Order, IT IS HEREBY ORDERED THAT:

(1) All such documents produced through discovery by either party and designated in good faith by the producing party as "Confidential" shall be treated as confidential by all parties to this litigation. Such documents and all copies, summaries, compilations, notes or abstracts thereof, shall be used exclusively in this action and for no other purpose, Upon the completion of this action, all such confidential documents, together with any copies thereof, will either be destroyed or returned to the producing counsel, at said counsel's election. Any and all lists which are used to identify specific tax and payroll records by number and name will also be maintained

1

as strictly confidential under the terms of this paragraph and will be returned or destroyed under the terms of this paragraph, upon conclusion of this action.

(2) All such documents and the contents thereof may be disclosed only to a party to this action requesting such documents, witnesses, persons employed as independent consultants by counsel and employees of counsel who have a need to review the contents of such documents to aid in the litigation of this case. The party affording such individuals the opportunity to review confidential materials shall advise all such individuals that they must maintain and honor the confidentiality of these documents and the information contained therein in accord with this Protective Order and confirm each individual's agreement to do so.

(3) If such confidential documents are used during depositions or in pleadings or briefs, the relevant portions of the deposition shall be treated as confidential in accordance with paragraph (1) above.

(4) This Protective Order shall govern all pretrial proceedings, but shall be subject to modification either before, during, or after the trial upon the merits, upon consent of the parties, or upon application and showing of good cause by any of the parties. This Order shall not affect the right of either party to use summary data or calculations based thereon. Any document, which is admitted into evidence, shall not lose its confidential designation under this agreement unless expressly ordered by the Court. The provisions of this Order shall not affect the admissibility of evidence or any objections to same at trial or any other proceeding in court, except as may be provided by separate order or agreement.

(5) Any documents (including briefs), tangible things or information designated as confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status via redaction

in accordance with the procedures outlined in paragraph III(f) of the Court's Guidelines to Parties and Counsel. The parties further agree to refer to any nonparties' personal or identifying information (including personal contact information, specific compensation and/or benefit information, Protected Health Information, marital status, work performance, disciplinary actions, work history, year of birth, Social Security number, and financial or medical documents) that is filed publicly by referencing that nonparty's gender by title and by using the nonparty's first name initial and last name initial.

(6) The parties acknowledge and agree that if documents or information produced in discovery is subject to a claim of privilege or of work product protection, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may, if the receiving party disputes the claim after good faith conferral, promptly present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. The parties further acknowledge and agree that production of privileged or work-product protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Consent Protective Order shall be interpreted in accordance with Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or other information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(7) This Order <u>does not</u>, in itself, authorize the filing of any documents under seal. Documents may be filed under seal <u>only</u> if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter shall abide by the applicable Federal Rules of Civil Procedure, local rules, guidelines to the parties, standing orders, and any other orders entered in this matter with regard to the filing of materials under seal. Any party wishing any document protected by this Order to be filed as part of the record under seal must first present a motion and/or consent order regarding said document to the Court.

(8) This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court. The parties have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provisions of this Protective Order would later result in undue burden or expense or would undermine counsels' ability to represent their clients in this case.

Respectfully submitted this <u>6th</u> day of September, 2017.

| PREBULA & ASSOCIATES LLC | TROUTMAN SANDERS LLP |
|---|---|
| <u>By: /s/ Mary A. Prebula</u><br>Mary A. Prebula<br>State Bar No. 586743<br>PREBULA & ASSOCIATES LLC<br>3400 Peachtree Road, NE<br>Suite 1250 Lenox Towers North<br>Atlanta, GA 30326<br>Telephone: (770) 495-9090<br>Facsimile: (770) 497-2363<br>mprebula@prebulallc.com<br><br>Attorney for Plaintiff<br>  Crystal Trawick | <u>By:</u> */s/ Richard Gerakitis*<br>Richard Gerakitis<br>State Bar No. 291389<br>Rebecca H. Silk<br>State Bar No. 194673<br>TROUTMAN SANDERS LLP<br>Bank of America Plaza<br>600 Peachtree Street, NE<br>Suite 5200<br>Atlanta, GA 30308-2216<br>Telephone: (404).885.3000<br>Facsimile: 404.885.3900<br>richard.gerakitis@troutmansanders.com<br>rebecca.silk@troutmansanders.com<br><br>Attorneys for Defendant<br>  Carmike Cinemas, Inc. |

The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial, and shall submit the evidence in accordance with the terms of this protective order.

The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed in a manner that restricts public access, which shall state a compelling reason in support of that

motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials in a restricted format just because they are covered by this discovery protective order.

SO ORDERED, this 7th day of September, 2017.

s/ Clay D. Land
CLAY D. LAND
CHIEF UNITED STATES DISTRICT JUDGE

32255625v2